**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**GREG P. GIVENS,**

    **Plaintiff,**

    v.

**JEFFREY LOEFFLER,** *et al.*,

    **Defendants.**

Civil Action 2:19-cv-617
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Plaintiff, Greg P. Givens, an Ohio resident who is proceeding without the assistance of counsel, names ten individual defendants in this action and alleges that some of all of the defendants falsely arrested and maliciously prosecuted him and also conspired to violate his civil rights. In addition to asserting claims under 42 U.S.C. § 1983, Plaintiff brings several state-law claims. This matter is before the United States Magistrate Judge for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that (1) Plaintiff be permitted to proceed on his § 1983 claims against Defendant Loeffler arising from Defendant Loeffler's July 10, 2018 arrest of and issuance of a summons to Plaintiff; (2) this Court **DISMISS** Plaintiff's remaining federal claims pursuant to 28 U.S.C. § 1915(e); and (3) this Court **DISMISS** Plaintiff's state-law

claims **WITHOUT PREJUDICE** to filing in state court.

## I.

According to the Complaint, on July 10, 2018, Defendant Jeffrey Loeffler, a police officer, made an "unfounded arrest" of Plaintiff and issued a summons for Plaintiff to appear and answer to the charge of "Prohibited Uses in Residence District," a minor misdemeanor without "reasonable grounds . . . to believe that a crime had been committed." (Compl. 3-4, ECF No. 4.) Plaintiff alleges that no investigation was completed prior to the issuance of the summons and that Defendant Loeffler testified under oath that his supervisor, Defendant Robert Newhart, had directed him to "go . . . and find something on Givens." (Compl. 4, ECF No. 4.) Plaintiff alleges that he was found to be innocent of the charges.

The remainder of Plaintiff's Complaint is difficult to follow. He alleges that because the United States government employed him, he "bears a Federal lifetime secrecy oath," which has "placed [him] in a position of pressure toward the release of such information unlawfully, in fear of his life, to divulge such information." (*Id*.). He generally alleges that he has "been the subject of ridicule, grievous and illegal acts, vile hatred and outrageous conduct, harassment, stalking, bullying, threats and intimidation," as well as "orchestrated attempts and acts of personal vengeance" to "eliminate" him. (*Id*.) He also makes general allegations that all Defendants were acting under the color of state law and conspired against him and generally attributes litter he found on his property and destruction to a tree on his property to Defendants.

With respect to Defendant Newhart, in addition to the conduct alleged above, Plaintiff alleges that Defendant Newhart injured him "by harassment and intimidation and stalking via a practice and direction." (*Id*. at 6.) Plaintiff alleges that he and his relatives have been "intentionally followed" by Defendant Newhart for the last several months and that Defendant

2

Newhart followed him across state lines on July 27, 2018. (*Id*. at 6-7.) He also alleges that in June 2018, Defendant Newhart almost hit him while he was using a crosswalk to cross the street. He further alleges that Defendant Newhart considers himself Plaintiff's "direct opponent." (*Id*. at 6.) Plaintiff alleges that Defendant Newhart almost hit him again while he was crossing the street in July 2018.

Plaintiff alleges that Defendant Clyde Yates, Jr. conspired with state actors "to subsequently induce criminal charges inciting arrest, and siding in with made up 'schemes'" . . . ." (*Id*. at 5.)

Plaintiff alleges that Defendant Richard Loew, Jr. is Defendant Newhart's "political 'hitman.'" (*Id.* at 7.) He alleges that Defendant Loew has subjected him to harassment, verbal abuse, and stalking. He specifically alleges that in October 2017, he was "nearly run down by a white pickup truck" that had a campaign sign on hit that stated "Richard Loew, Village Council." (*Id*. at 7-8.) Plaintiff further alleges that he Defendant Loew has loitered and taken excessive pictures of him and his property. Plaintiff alleges that also in October 2017, "two menacing persons" who resembled Defendants Loew and Newhart stopped by his property pointing a hand gun and camera at him in what Plaintiff suspects was a rental vehicle. (*Id.* at 10-11.)

Plaintiff alleges that he overheard Defendant Gary Rodgers stating at an October 2017 public meeting that he wanted "to personally burn [Plaintiff's property] down and bulldoze it over whether [Plaintiff] is in it or not." (*Id*. at 8.)

Plaintiff generally alleges that Defendant Kimberly Harris met with Defendants Newhart and Rodgers to conspire with them to arrest and advance criminal charges against him. Plaintiff appears to allege also that Defendant Harris "pos[ed] as a state actor, health department official, a psychiatric 'doctor.'" (*Id*. at 9.) He further alleges that Defendant Givens "released a

3

statement" calling Plaintiff and his businesses "deplorable" and stating that he "does fraudulent things" and that she issued a fake diagnosis that he was autistic and dangerous. (*Id*. at 9.)

Plaintiff alleges that he overheard Defendant Merryman tell "strangers new to Shadyside" that they were "in the process of getting rid" of Plaintiff and his property. (*Id.* at 10.)

Plaintiff alleges that in April 2014, Defendants Collette, Loeffler, and Napolitano failed to conduct a sufficient investigation into a burglary he reported on his property. He also appears to allege that "prior to 2016," Defendants Loeffler, Yates, Newhart, Loew, Rodgers, Harris, Merryman, Gorrell, and Napolitano targeted him by breaking into his home, stealing from him, and threatened his business. (*Id*. at 14.)

Plaintiff alleges that in 2015, Defendants Collette, Napolitano, and Gorrell arrested him for weed violations and that he was unlawfully incarcerated as a result of this incident. (*Id*. at 16-17.)

Plaintiff also alleges that in November 2017, his right to a fair election was suppressed because Defendants Newhart and Loew placed signs and advertisements on trees and vehicles in view of the polling place, which he further alleges hindered voters from reaching the polling place.

Finally, Plaintiff alleges that Defendants have violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") by operating an Ohio corporation that derives its income from a pattern of racketeering activity. (*See id*. at 29-30.)

Plaintiff raises nine counts in his Complaint: Count I (negligent or intentional infliction of emotional distress); Count II (defamation); Count III (violation of civil and constitutional rights); Count IV (tortious interference); Count V (suppression of facts); Count VI (malicious prosecution); Count VII (Racketeer Influenced and Corrupt Organizations Act ("RICO")); Count

VIII (declaratory relief); Count IX (conspiracy).

Plaintiff seeks declaratory, injunctive, and monetary relief.

**II.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or

. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

5

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank,* 727 F.3d at 504 (citations omitted). Further, the Court holds pro se complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

6

**III.**

As set forth above, Plaintiff raises nine counts in his Complaint. The undersigned considers Plaintiff's federal claims before turning to his state-law claims (Counts I, II, and IV).

**A.     Plaintiff's Federal Claims**

**1.     Causes of Action Accruing Prior to February 22, 2017**

As a threshold matter, it appears that Plaintiff seeks to assert several § 1983 claims that accrued more than two years two years prior to the filing of this action. These claims are time barred.

"In § 1983 suits, the applicable statute of limitations is determined by state law, while the 'date on which the statute of limitations begins to run . . . is a question of federal law.'" *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (*quoting Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (alteration in original)). Ohio Revised Code § 2305.10 sets forth a two-year statute of limitations for 42 U.S.C. § 1983 claims. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). That statute of limitations "begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009).

Plaintiff filed the instant action on February 22, 2019. Thus, claims accruing prior to February 22, 2017, would be time-barred. For example, Plaintiff's claims premised upon (1) Defendants' alleged handling of a 2014 burglary, (2) Defendants' alleged violation of his First Amendment rights while he was working for a lobby group in 2016; (3) Defendants' alleged actions relating to Plaintiff's October 2015 arrest and any subsequent prosecution and incarceration, including Defendants' alleged civil conspiracy to effectuate this arrest, are all time barred. It is therefore **RECOMMENDED** that Plaintiff's § 1983 claims that accrued prior to

February 22, 2017, be **DISMISSED**.

### 2. Count III (Violation of Civil and Constitutional Rights)

Within this Count, it appears that Plaintiff seeks to hold *all* ten Defendants liable for § 1983 claims arising from Defendant Loeffler's July 10, 2018 arrest of and issuance of a summons to Plaintiff. Although the undersigned **RECOMMENDS** that Plaintiff be permitted to proceed against Defendant Loeffler on his § 1983 claims arising from Defendant Loeffler's July 10, 2018 arrest of and issuance of a summons to Plaintiff, it is recommended that these claims be **DISMISSED** as to the other Defendants.

Plaintiff has failed to allege facts sufficient to state a § 1983 claim against Defendant Newhart, Defendant Loeffler's supervisor arising from the July 10, 2018 arrest. In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To sufficiently plead the second element, a plaintiff must allege "personal involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id*. (citation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Here, Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendant Newhart "authorized, approved, or knowingly acquiesced" to Defendant Loeffler arresting and issuing a summons to Plaintiff without probable cause for doing so. More specifically, the Court cannot

infer that Defendant Newhart authorized or approved of Plaintiff's arrest or issuance of a summons based upon Defendant Newhart's alleged directive to Defendant Loeffler to "find something on Givens," (Compl. 4, ECF No. 4). Plaintiff has likewise failed to include plausible, specific allegations sufficient to hold the other Defendants liable for Plaintiff's § 1983 claims arising from his July 10, 2018 arrest and issuance of a summons. For these reasons, it is **RECOMMENDED** that Plaintiff's § 1983 claims against Defendant Newhart and the other Defendants relating to the July 10, 2018 arrest and issuance of a summons be **DISMISSED**.

        3.        **Count V (Suppression of Rights)**

In Count V of his Complaint, Plaintiff alleges that *all* ten Defendants have suppressed his rights "during the Federal electoral process, as regulated in he Elections Clause . . . of the United States Constitution" by "imposing . . . unreasonable restrictions upon Plaintiff and his right to vote for candidates . . . ." (Compl. 27, ECF No. 4.) He alleges that this suppression of his rights occurred between November 2013 and November 2017. Although he makes no specific allegations in this section of his Complaint, it appears he may be referencing an earlier portion of his Complaint, wherein he alleges that his right to a fair election was suppressed because Defendants Newhart and Loew placed signs and advertisements on trees and vehicles in view of the polling place, which he further alleges hindered voters from reaching the polling place. (Compl. 18, ECF No. 4.)

The undersigned concludes that Plaintiff has failed to plausibly allege a First Amendment claim premised upon Defendants Newhart's and Loew's alleged actions. Certainly, qualified voters have a right "to cast their votes effectively." *Williams v. Rhodes*, 393 U.S. 23, 30 (1968) ("No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live." (internal quotation marks and

citation omitted)). But the Court cannot infer from Plaintiff's allegations that Defendants acted under the color of state law or that their actions burdened Plaintiff's right to effectively cast his vote. For these reasons, it is **RECOMMENDED** that the Court **DISMISS** Count V of Plaintiff's Complaint.

### 4. Count VI (Malicious Prosecution)

The undersigned likewise concludes that Plaintiff has failed to plausibly allege a claim for malicious prosecution, which he advances in Count VI of his Complaint against *all* ten Defendants.

The Sixth Circuit recognizes a constitutional claim of malicious prosecution under the Fourth Amendment, encompassing wrongful investigation, prosecution, conviction, and incarceration. *Barnes v. Wright*, 449 F.3d 709, 715–16 (6th Cir. 2006). The federal cause of action for malicious prosecution has four elements: (1) the defendant made, influenced, or participated in a decision to prosecute the plaintiff; (2) there was a lack of probable cause for the prosecution; (3) as a result of a legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 309 (6th Cir. 2010). Plaintiff is required to "show, at a minimum, that there is no probable cause to justify an arrest or a prosecution." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 397 (6th Cir. 2016) (quoting *Voyticky v. Village of Timberlake*, 412 F.3d 669, 675 (6th Cir. 2005)).

Plaintiff summarily alleges that all ten Defendants instituted an action against him knowing that all of the allegations were false, that he was detained as a result, and that the criminal proceeding was resolved in his favor. (*See* Compl. 27-29, ECF No. 4.) But simply offering "a formulaic recitation of the elements of a cause of action" is insufficient. *See Bell*

*Atlantic Corp.*, 550 U.S. at 555. Because Plaintiff has failed to plead sufficient factual content that would allow the Court to infer that all or any of the Defendants are liable for malicious prosecution, it is **RECOMMENDED** that the Court **DISMISS** Count VI of Plaintiff's Complaint.

        **5.**      **Count VII (Criminal Enterprise)**

In Count VII of his Complaint, Plaintiff alleges that *all* ten Defendants operate an Ohio corporation that derives its income from a pattern of racketeering activity in violation of RICO. He further alleges as follows:

> The predicate acts which constitute this pattern of racketeering activity are: termination by threat, recursion, drug use and or distribution, suppression of rights, bribes, bribery, graft, extortion, slander in a legal process, obstruction, obstruction of justice for money, extortion in official capacity, undue influence, political favors, kickbacks, drop-off points for illicit crimes, payoffs and undue influence.

(Compl. 30, ECF No. 4.) Plaintiff also references an earlier portion of his Complaint, wherein he alleges that in 2016, while working for a lobby group, he was detained, stopped, questioned and monitored. (*Id*. at 13.) Plaintiff further alleges that in 2016, Defendants Newhart and Collette of the Shadyside Police Department received private payoffs to continually harass him. He further alleges that all Defendants engaged in the following activities:

> Illicit drug-activities to fund pay-offs, bribes, and obstruction of justice, contraband smuggling, creative practices that are misuded [sic] in a way to disguise sources of registered voters in elections, electoral fraud, bribery in the course of civil discourse, and patrol, to the harassment of Plaintiff, while employed; and organized shceme [sic] and planning meetings to commit obstruction of justice, extortion, murder, or exploitation of witnesses in the course of said crimes by named Defendant(s); continual intimidation of Defendant; criminal operation otherwise ostensibly involving utilities, and waste management; exploitation of citizens, some believe to be 'under age'; among other racketeering activities involving other victims to said schemes.

(*Id*. at 14-15.) Finally, Plaintiff generally alleges that as a result of Defendants' activities, he and

11

his business or property were injured. (*Id*. at 31.)

A plaintiff seeking to advance a civil RICO claim "must plead the following elements: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). Further, any such claim must allege an illicit agreement "to participate directly or indirectly in the affairs of an enterprise through the commission of two or more predicate crimes." *Heinrich v. Waiting Angels Adoption Servs.*, 668 F.3d 393, 411 (6th Cir. 2012) (quoting United States v. Sinito, 723 F.2d 1250, 1261 (6th Cir. 1983)). Finally, a plaintiff advancing a civil RICO claim must allege injury to business or property. *See* 18 U.S.C. § 1964(c).

Once again, Plaintiff's civil RICO claim lacks the factual specificity required under *Iqbal*. To begin, Plaintiff's allegations of criminal enterprise, as well as the laundry list of wide-ranging crimes he alleges Defendants have committed are conclusory and unsupported by specific plausible factual allegations supporting a claim for any of the predicate offenses. Plaintiff also fails to allege with any specificity what injury his business or property suffered or how that injury was proximately caused by Defendants' alleged RICO violation.

Because Plaintiff has failed to state a RICO claim, it is **RECOMMEDED** that the Court **DISMISS** Count VII of his Complaint.

      **6.**      **Count IX (Conspiracy)**

In Count IX of his Complaint, Plaintiff advances a civil conspiracy claim against *all* ten Defendants. In support of his Count IX conspiracy claim, Plaintiff alleges that Defendants "seek the demise of [him], spreading false report, joining hands with malicious witness and intent fall in partiality to a poor man in his just case, is to pervert justice." (Compl. 33, ECF No. 4.)

Plaintiff also summarily alleges that a "covert effort or plain exists between [Defendants] and state of officials . . . to violate [his] rights" and that Defendants "acted with a common understanding to deprive [him] of constitutionally protected rights." (*Id.*)

The undersigned concludes that Plaintiff has failed to plausibly allege a claim for civil conspiracy accruing after February 22, 2017. "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *see also Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985). A plaintiff is required to demonstrate "a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Hooks*, 771 F.2d at 943-44. In addition, "[c]laims of conspiracy must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004); *see also Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) ("[P]leading requirements governing civil conspiracies are relatively strict." (citation omitted)).

Plaintiff's Complaint fails to plausibly allege with sufficient specificity that Defendants acted with a single plan and that an overt act caused him a constitutional deprivation. *See Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *3 (6th Cir. Feb. 1, 1996) (affirming trial court's dismissal of conspiracy claim, explaining that the "vague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim." (citations omitted)). Because Plaintiff's civil conspiracy allegations lack the factual specificity required, it is **RECOMMENDED** that the Court **DISMISS** Count IX of his Complaint.

B.     **Plaintiff's State-Law Claims (Counts I, II, and IV)**

As set forth above, Plaintiff seeks to advance a number of state-law claims, including

claims for negligent or intentional infliction of emotional distress, defamation, and tortious interference with a business relationship against all Defendants. Under 28 U.S.C. § 1367, when a district court has original jurisdiction, it may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Here, the undersigned has recommended that the Court dismiss all of the claims over which it has original jurisdiction with the exception of Plaintiff's § 1983 claims against Defendant Loeffler arising from Defendant Loeffler's July 10, 2018 arrest of and issuance of a summons to Plaintiff. Because Plaintiff's state-law claims are not "so related" to this sole, remaining claim over which the Court has original jurisdiction "that they form part of the same case or controversy under Article III," it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's state-law claims **WITHOUT PREJUDICE** to Plaintiff advancing them in state court.

**IV.**

For the reasons set forth above, it is **RECOMMENDED** that (1) Plaintiff be permitted to proceed on his § 1983 claims against Defendant Loeffler arising from Defendant Loeffler's July 10, 2018 arrest of and issuance of a summons to Plaintiff; (2) this Court **DISMISS** Plaintiff's remaining federal claims pursuant to 28 U.S.C. § 1915(e); and (3) this Court **DISMISS** Plaintiff's state-law claims **WITHOUT PREJUDICE** to filing in state court.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE