IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Greg P. Givens,

    Plaintiff,

  v.                           Case No. 2:19-cv-617

Jeffrey Loeffler,
et al.,

    Defendants.

ORDER

Plaintiff Greg P. Givens, acting pro se, filed the instant civil rights action pursuant to 42 U.S.C. §1983 against ten individual defendants. Plaintiff asserts that the defendants falsely arrested and maliciously prosecuted him in violation of the Fourth Amendment, and conspired to violate his civil rights. Plaintiff also asserted claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and several state-law claims.

On April 22, 2019, the magistrate judge filed an initial screen report and recommendation pursuant to 28 U.S.C. §1915A, which requires the court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(a)-(b)(1). The magistrate judge noted that any claims accruing prior to February 22, 2017, were barred by the two-year statute of limitations applicable to §1983 actions, and recommended dismissal of those claims. As to Count III of the complaint, the magistrate judge recommended that plaintiff be permitted to proceed on his §1983 claim against Jeffrey Loeffler, a police officer, concerning Officer Loeffler's July 10, 2018, alleged arrest of and issuance of

a summons to plaintiff, but recommended dismissal of that claim against Robert Newhart, Sr., Officer Loeffler's supervisor. The magistrate judge further concluded that the complaint was not sufficient to allege a violation of plaintiff's voting rights, and recommended the dismissal of Count V. The magistrate judge recommended dismissal of Count VI (the malicious prosecution claim), Count VII (the RICO claim), and Count IX (the conspiracy claim), concluding that the complaint failed to allege viable claims under those theories. Finally, the magistrate judge also recommended that this court decline to exercise supplemental jurisdiction over the state-law claims alleged in Counts I, II, and IV, stating that those claims should be dismissed without prejudice. This matter is before the court for consideration of plaintiff's objections (Doc. 7) to the magistrate judge's report and recommendation.[1]

I. Standard of Review

Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1). As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

---

[1] The court notes that this action has been stayed in regard to plaintiff's claims against defendant Daniel Napolitano due to the initiation of bankruptcy proceedings by that defendant. Although the reasoning in this order may also apply to the claims against defendant Napolitano, the order, by reason of the stay, does not decide whether plaintiff can proceed on his claims against Napolitano.

Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also Ashcroft, 556 U.S. at 679 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

II. Plaintiff's Objections

The magistrate judge correctly concluded that any claims accruing prior to February 22, 2017, are time-barred. The matters alleged in plaintiff's complaint which occurred prior to that date, including defendants' alleged mishandling of a 2014 burglary complaint, their alleged violation fo his First Amendment rights

while he was working for a lobby group in 2016, and defendant's alleged actions relating to plaintiff's October 2015 arrest, are facts of which plaintiff would have been aware at the time. Plaintiff alleges that the defendants have continued to engage in acts of retaliation. However, any new acts of retaliation after February 22, 2017, would not extend the limitations period for other claims which had already accrued prior to February 22, 2017.

As to Count III, upon consideration of plaintiff's objections, the court agrees with the recommendation of the magistrate judge that plaintiff be permitted to proceed on his claim against defendant Loeffler arising from plaintiff's July 10, 2018, arrest. The court also agrees with the recommendation that this claim be dismissed as to the remaining defendants, with the exception of Officer Loeffler's supervisor, Robert Newhart, Sr. The court finds that there are sufficient allegations in the complaint regarding Newhart's alleged involvement in plaintiff's July 10, 2018, arrest to survive the initial screening.

Plaintiff offers new evidence for the first time in his objections to the magistrate judge's recommendations concerning Count III. In particular, plaintiff quotes from a purported affidavit from Carol Gray. Plaintiff may not offer evidence for the first time in an objection which was not in the complaint and was never presented to or considered by the magistrate judge. <u>Murr v. United States</u>, 200 F.3d 895, 902, n. 1 (6th Cir. 2000). In addition, the conclusory statements in the alleged affidavit do not remedy the deficiencies in plaintiff's Count III claim against the other defendants.

The magistrate judge concluded that plaintiff's allegations in

4

Count V concerning the alleged suppression by the defendants of his rights during the federal electoral process failed to state a claim for relief. Nothing in plaintiff's objections establish that this finding was in error, and this court agrees that Count V must be dismissed.

The magistrate judge also found that the complaint failed to state a claim for malicious prosecution in violation of the Fourth Amendment. The magistrate judge correctly concluded that plaintiff's summary allegations, a formulaic recitation of the elements of the cause of action, were insufficient. Plaintiff's objections simply repeat a recitation of the elements of this claim and make additional conclusory allegations. He does not demonstrate why the magistrate judge's recommendation was erroneous.

As to the RICO claim in Count VII, plaintiff's objections basically echo the allegations in his complaint. Plaintiff summarily argues that his RICO claim alleged the conduct of an enterprise through racketeering activity. The magistrate judge correctly concluded that plaintiff's allegations of criminal enterprise and his list of wide-ranging crimes allegedly committed by the defendants were conclusory and unsupported by specific factual allegations, and that plaintiff failed to alleged how he or his business or property sustained injury proximately caused by the defendant's alleged RICO violation. Plaintiff's objections fail to establish that the magistrate judge erred in concluding that the complaint failed to state a viable RICO claim.

The magistrate judge noted that plaintiff's conspiracy claim in Count IX alleged that defendants "'seek the demise of [him],

spreading false report, joining hands with malicious witness and intent fall in partiality to a poor man in his just case, is to prevert justice.'" Doc. 6, p. 12 (quoting Complaint at 33). Plaintiff then alleged in summary fashion that the defendants "acted with a common understanding to deprive [him] of constitutionally protected rights." Complaint at 33. In his objections, plaintiff quotes language from the Americans with Disabilities Act, 42 U.S.C. §12203, which prohibits retaliation by an employer for filing a complaint with the Equal Employment Opportunity Commission, and Ohio Rev. Code §2921.05, an Ohio criminal statute which prohibits retaliation against public servants, party officials, attorneys, witnesses and crime victims. However, the allegations in plaintiff's complaint are insufficient to plead a conspiracy by the defendants to violate either of those provisions. The magistrate judge correctly concluded that the complaint failed to allege facts showing that the defendants acted in accordance with a single plan and that an overt act was committed to deprive plaintiff of a constitutional right. Plaintiff's objections do not show that the magistrate's conclusion was erroneous.

Finally, plaintiff objects to the magistrate judge's recommendation that the state law claims be dismissed without prejudice. Plaintiff alleges that legal aid is virtually non-existent in Belmont County. However, there is no Sixth Amendment right to counsel in civil actions, see Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002), and plaintiff has filed lengthy pleadings without the assistance of counsel. Plaintiff also claims that some unidentified clerk in the Belmont County Clerk's Officer

told him that they had never had a pro se case, and he argues that he has no viable or equitable recourse in the state courts. Doc. 7, p. 25. This court is confident that plaintiff will have an adequate forum for his state law claims in the Belmont County courts. The court also agrees with the magistrate judge's conclusion that plaintiff's state law claims of negligent or intentional infliction of emotional distress, defamation, and tortious interference of a business relationship are not "so related" to the remaining Fourth Amendment claim against two of the defendants so as to warrant the exercise of supplemental jurisdiction under 28 U.S.C. §1367(a).

Except as noted above in regard to the July 10, 2018, false arrest claim against Newhart, plaintiff's objections fail to demonstrate that the magistrate judge's conclusions and recommendations were erroneous, and they are denied.

III. Motion to Amend Complaint

Plaintiff has filed a motion to amend his complaint. A district court has considerable discretion in deciding whether to grant a motion to amend a complaint pursuant to Fed. R. Civ. P. 15(a)(2). Leisure Caviar, LLC v. United States Fish and Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010). A motion to amend a complaint should be denied if the amendment would be futile. Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010) The motion to amend largely repeats the allegations in the original complaint, and the new allegations do not cure the deficiencies in plaintiff's alleged claims. The amendments suggested by plaintiff would be futile, and the motion to amend the complaint (Doc. 8) is denied.

IV. Motion for Electronic Filing Privileges

Plaintiff has filed a motion seeking electronic filing privileges.  Under S.D. Ohio Local Rule 5.4(a), pro se litigants must file documents in paper form unless otherwise authorized by a judge.  Plaintiff's motion for leave to use the electronic filing system (Doc. 2) is denied.

V. Conclusion

In accordance with the forgoing, the report and recommendation (Doc. 6) is adopted in part.  The complaint is dismissed with the exception of the Count III claim against Loeffler and Newhart concerning the July 10, 2018, arrest of and issuance of a summons to plaintiff.  Plaintiff's state-law claims in Counts I, II and IV are dismissed without prejudice to filing those claims in state court.  The motion for electronic filing access (Doc. 2) and the motion to amend the complaint (Doc. 8) are denied.

Date: September 9, 2019            s/James L. Graham
                                       James L. Graham
                                       United States District Judge