IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Greg P. Givens,

    Plaintiff,

v.

Jeffrey Loeffler, et al.,

    Defendants.

Case No: 2:19-cv-617

Judge Graham

Opinion and Order

Plaintiff Greg P. Givens, proceeding *pro se*, brings this action under 42 U.S.C. § 1983. Following the court's September 9, 2019 review of the magistrate judge's initial screen report and recommendation, the sole remaining claim in this action was for false arrest against defendants Jeffrey Loeffler, a police officer, and Robert Newhart, Loeffler's supervisor. See Doc. 11. The alleged false arrest concerns an incident which occurred on July 10, 2018.

This matter is now before the court on plaintiff's motion for a temporary restraining order and preliminary injunctive relief. Plaintiff seeks to restrain defendants from "taking physical action" "leading to the destruction of the grounds, property, and structures" of plaintiff's real property at 3735 Highland Avenue, Shadyside, Ohio. According to plaintiff's motion and declaration, paint markings have appeared on his property. He believes these markings relate to the proposed demolition of structures on his property by local government officials. In late March 2020, he witnessed defendant Loeffler "lingering" near the paint markings, even though plaintiff has a "No Trespassing" sign posted. Plaintiff believes that defendants are preparing to assist the operators of the demolition equipment to gain entry onto his property.

Under, Rule 65(b) of the Federal Rules of Civil Procedure, TROs and preliminary injunctions are extraordinary remedies that are governed by the following factors: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay." Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008); see also Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). "The party seeking the preliminary injunction bears the burden of justifying such relief,

1

including showing irreparable harm and likelihood of success." McNeilly v. Land, 684 F.3d 611, 615 (6th Cir. 2012).

The court must deny plaintiff's motion because the requested preliminary relief bears no relation to the subject matter of the lawsuit. This suit concerns an alleged false arrest of plaintiff in 2018. The motion is aimed at stopping what plaintiff perceives to be the planned demolition of one or more structures on his property.

It is well established that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Colvin v. Caruso, 605 F.3d 282, 300 (6th Cir. 2010) (internal quotation marks omitted). This is so because "the purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." Id. (internal quotation marks omitted). Thus, "[a] court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint." Harmon v. Honeywell Intelligrated, No. 1:19-cv-670, 2019 WL 5862813, at *3 (S.D. Ohio Nov. 8, 2019) (citing Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997); Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997); Stewart v. U.S. Immigration and Naturalization Serv., 762 F.2d 193, 198-99 (2d Cir. 1985)).

Accordingly, plaintiff's motion for a TRO and preliminary injunctive relief (doc. 32) is denied, and plaintiff's motion for a hearing (doc. 38) is denied.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: April 7, 2020