IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Greg P. Givens,

                 Plaintiff,

      v.

Jeffrey Loeffler, et al.,

                 Defendants.

Case No: 2:19-cv-617

Judge James L. Graham

Magistrate Judge Chelsey M. Vascura

Opinion and Order

Plaintiff Greg P. Givens, proceeding *pro se*, brings this action under 42 U.S.C. § 1983. Following a review of the magistrate judge's initial screen report and recommendation, the court dismissed all of plaintiff's claims except for his § 1983 claims that he was unlawfully arrested on July 10, 2018 by defendant Jeffrey Loeffler, a police officer for the Village of Shadyside, Ohio. The complaint also alleges that defendant Robert Newhart, Mayor of Shadyside, had commanded Loeffler to "find something" on Givens. This matter is now before the court on defendants' motion for summary judgment, which is granted.

## I.    Factual Background

The complaint provides only a small amount of detail about the alleged July 10, 2018 arrest. It alleges that Officer Loeffler made "an unfounded arrest" of Givens for minor misdemeanors relating to his failure to maintain residential property in compliance with the code of Shadyside. Compl., ¶ 5. According to the complaint, Loeffler made the arrest without probable cause to believe Givens had committed a code violation, and Givens was later found "innocent" of at least one offense. *Id.* The complaint alleges that Loeffler acted under the direction of Mayor Newhart, who had instructed Loeffler to "go and find something" on Givens. *Id.*, ¶ 6. Mayor Newhart allegedly viewed Givens as a "political opponent" because of Givens's involvement in campaigning and other political activities. *Id.*, ¶¶ 10, 21, 25, 33.7

In their motion for summary judgment, defendants set forth evidence depicting a much different story. In late June 2018, the Shadyside Police Department sent Givens a notice advising him that his property at 3735 Highland Avenue was in violation of two village ordinances – one

relating to noxious, overgrown weeds, and the other to unused and unlicensed "junk" cars stored in the yard.  Loeffler Aff., ¶¶ 2-3.  The notice cautioned Givens to bring the property into compliance or he would face citations.  *Id.*, ¶ 3.

On July 10, 2018, Loeffler was on patrol and stopped by 3735 Highland Avenue to follow up on the notice he knew had been sent to Givens.  *Id.*, ¶ 4.  Loeffler states that Mayor Newhart did not order him to "find something" on Givens, nor did Mayor Newhart, directly or indirectly, instruct or suggest that Loeffler target Givens.  *Id.*

Upon visually inspecting the property on July 10, Loeffler determined that it remained in violation of Shadyside Village Ordinances 521.12(b) and 521.13(B)-2 concerning noxious weeds and junk cars in the yard.  Attached to Loeffler's affidavit are photographs which he affirms accurately depict the condition of the property on July 10, 2018.  These photographs show a house with a dilapidated front porch, overgrown vegetation and two automobiles in the yard (one covered by a tarp, the other having no license plate).  *See* Doc. 31-1 at PAGEID 303 to 311.

Loeffler wrote two tickets for misdemeanor violations of Village Ordinances 521.12(b) and 521.13(B)-2.  *Id.* at PAGEID 312 to 313.  The tickets contained a summons for Givens to appear in Mayor's court.  *Id.*  On July 10, Loeffler attempted to serve Givens with the tickets and summons, but no one answered the door at 3735 Highland Avenue, and Loeffler did not otherwise encounter Givens.  Loeffler Aff., ¶¶ 9-10.

Loeffler filed the tickets with the Mayor's Court, and the matter was transferred to Belmont County Court.  *Id.*, ¶ 11.  Following a trial, the Belmont County Court issued a judgment entry on August 16, 2018 finding Givens guilty of the noxious weeds violation.  *See* Doc. 18-1.  The Belmont County Court dismissed the car-related charge against Givens, but did not provide an explanation for doing so.  *Id.*

## II.    Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009).  The moving party bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential

element of its case on which it would bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005).

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also Longaberger*, 586 F.3d at 465. "Only disputed material facts, those 'that might affect the outcome of the suit under the governing law,' will preclude summary judgment." *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008) (quoting *Anderson*, 477 U.S. at 248). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *Daugherty*, 544 F.3d at 702; *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994). Rather, in reviewing a motion for summary judgment, a court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

## III. Discussion

A claim brought under § 1983 requires proof that: "(1) the defendant was a person acting under the color of state law, and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Fridley v. Horrighs*, 291 F.3d 867, 871-72 (6th Cir. 2002).

The complaint asserts that defendants, acting in their capacities as police officer and mayor, deprived plaintiff's rights under the Fourth Amendment by subjecting him to an unlawful arrest. The complaint, when liberally construed, also alleges a claim for malicious prosecution in violation of the Fourth Amendment.

3

Defendants argue that they are entitled to summary judgment because Givens was not arrested, detained or restrained in connection with the July 10, 2018 code citations.

### A. Unlawful Arrest

The Fourth Amendment is the vehicle courts use "to define the process that is due for seizures of persons or property in criminal cases, including the detention of suspects pending trial." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 313 (6th Cir. 2005) (internal citations omitted). An unlawful seizure "occurs when an officer, without reasonable suspicion, 'by means of physical force or show of authority . . . in some way restrain[s] the liberty of a citizen.'" *United States v. Richardson*, 385 F.3d 625, 629 (6th Cir. 2004) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968)). "One's liberty is restrained when a reasonable person would not feel free to walk away and ignore the officer's requests." *Id.* (citing *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)); *see also Brower v. County of Inyo*, 489 U.S. 593, 596 (1989) (noting that there must be an element of intentional "control" by the officer towards the citizen).

Defendants have produced unrebutted evidence that Loeffler did not arrest Givens. Indeed, Loeffler did not so much as encounter him in connection with writing the citations. Since the filing of the motion for summary judgment, plaintiff has submitted many briefs and motions to the court, including materials styled as affidavits and affirmations, but he has not disputed defendants' evidence that Loeffler "did not see or have any contact with Givens while issuing the tickets/summons on July 10, 2018." Loeffler Aff., ¶ 8. The court finds that this failing is fatal to his claim for unlawful arrest.[1]

The court notes that there are two declarations contained within plaintiff's filings which were executed on April 10 and 29, 2020 by a Dennis Givens, whose relationship to plaintiff is unknown. *See* Doc. 53 at PAGEID 583; Doc. 57 at PAGEID 634. Dennis Givens states that he saw Loeffler place handcuffs on plaintiff on July 18, 2018, a date separate from the one in dispute in this case. *See* Doc. 53 at PAGEID 583, ¶ 1; Doc. 57 at PAGEID 634, ¶ 1.

The court finds that the declarations, even if considered,[2] are not sufficient to create a genuine dispute of fact relating to the false arrest claim. The complaint, the court's orders (*see* Docs.

---

[1]  Plaintiff's motion to strike the motion for summary judgment and plaintiff's discovery-related motions are discussed separately below.

[2]  As defendants correctly observe, the declarations were submitted in an untimely fashion, after the close of summary judgment briefing and without leave of court or good cause shown. Thus, defendants' motion to strike the declarations (doc. 55) is granted.

6, 14, 47), and defendants' summary judgment motion and evidentiary materials all identified July 10, 2018 as the date on which the events relevant to plaintiff's remaining claims occurred. Plaintiff has not contended in his briefs or various motions that there had been a mistake about the date. The reference to July 18, 2018 in the two declarations is not explained in any way by plaintiff, and thus the court finds that the declarations are not relevant to the claims in this case.

Moreover, the declarations are conclusory in nature and do not establish that an unlawful arrest took place on July 18, 2018. The declarations use legal conclusions in place of factual content. The declarations claim that Loeffler "did not act reasonably" and that the arrest was "without cause" and "violat[ed] Greg Givens' rights." Doc. 53 at PAGEID 583, ¶ 1; Doc. 57 at PAGEID 634, ¶ 1. But the declarations do not provide factual information from which a factfinder could reach those conclusions.

Loeffler's affidavit, which states that he did not arrest or otherwise restrain Givens in connection with the code citations, therefore stands undisputed. Defendants' motion for summary judgment is granted as to plaintiff's claim of unlawful arrest.

### B.  Malicious Prosecution

The complaint asserts a state law claim for malicious prosecution. Although plaintiff's state law claims were dismissed in the magistrate judge's initial screening, the court construes the complaint as asserting a § 1983 claim for malicious prosecution.

A claim of malicious prosecution is cognizable under § 1983 when based upon a deprivation of Fourth Amendment rights. *See Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003); *Cummin v. North*, 731 Fed. App'x 465, 470 (6th Cir. 2018). "To succeed on a Fourth Amendment malicious-prosecution claim, a plaintiff must prove: (1) that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute; (2) that there was a lack of probable cause for the criminal prosecution; (3) that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure; and (4) the criminal proceeding must have been resolved in the plaintiff's favor." *Cummin*, 731 Fed. App'x at 470 (internal quotations omitted).

Importantly then, in order for an allegation of malicious prosecution to sustain a § 1983 claim, there must be a deprivation of liberty, as understood in Fourth Amendment jurisprudence, apart from the initial seizure. *See id.*; *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010); *Noonan v. County. of Oakland*, 683 Fed. App'x 455, 461 (6th Cir. 2017). Plaintiff must show that he was

subjected to a detention after the wrongful institution of legal process. *Dibrell v. City of Knoxville*, __ F.3d __, 2021 WL 69299 at *3 (6th Cir. Jan. 8, 2021).

Here, the only arguable such detention imposed on Givens was through the summons which required him to appear in court. However, the case law is clear: "requiring attendance at court proceedings does not constitute [a] constitutional deprivation of liberty." *Cummin*, 731 Fed. App'x at 473 (citing cases); *Noonan*, 683 Fed. App'x at 463 (holding that a summons to appear is "insufficient to satisfy this third element of a Fourth Amendment malicious-prosecution claim under § 1983"); *Billock v. Kuivila*, No. 4:11-cv-02394, 2013 WL 591988, at *6 (N.D. Ohio Feb. 14, 2013) ("Service with a summons to appear at trial or some other court proceeding does not rise to the level of a constitutional deprivation.").

Thus, defendants' motion for summary judgment is granted as to plaintiff's claim of malicious prosecution.

## IV.     Plaintiff's Motions

Plaintiff has filed 17 motions, all of which are denied. Starting with plaintiff's motion to strike (doc. 41) defendants' motion for summary judgment and his motion to suppress (doc. 35) the exhibits attached to the motion for summary judgment, the court finds that plaintiff has not offered good cause to strike or suppress. Plaintiff argues that defendant's motion and exhibits fail to comply with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the court's local civil rules. However, the court finds that defendants' materials comply with the applicable rules, including Fed. R. Civ. P. 56 and S.D. Ohio Local Civ. R. 7.2, and that defendants' evidentiary materials are admissible for consideration under the Federal Rules of Evidence.

Plaintiff has filed numerous motions seeking to introduce evidence which he has attached to his motions and seeking to compel discovery (docs. 36, 45, 46, 52, 53, 57, 60, 71). The court finds that the evidence he seeks to introduce and the discovery he seeks to conduct is largely irrelevant to the claims remaining in this action. Plaintiff's motions relate to claims that were dismissed through the magistrate judge's initial screening or to matters not mentioned in the complaint.

Plaintiff has identified one matter that is potentially relevant – he denies that the property at 3735 Highland Avenue belongs to him. *See* Doc. 45. Though likely relevant to a probable cause analysis under the Fourth Amendment, the court need not consider the matter because defendants have established that Loeffler never detained Givens on July 10, 2018, which is fatal to his claims.

Plaintiff argues in several of his filings that he needs to conduct discovery to present his case. However, the facts which would be needed to oppose the motion for summary judgment are within his knowledge. The issue raised by defendants is whether plaintiff was detained in connection with the code citations, and plaintiff has failed to submit any evidence that he was. Plaintiff's motion for an evidentiary hearing (doc. 78) is denied.

Turning to plaintiff's motions to strike, for sanctions, and to hold defendants in contempt (docs. 59, 67, 68, 69, 70), the court finds that they are without merit because defendants responded properly to plaintiff's requests for admission and defendants complied with the applicable procedural rules in filing documents on the court's electronic case filing system.

Plaintiff has also moved to reconsider (doc. 56) the magistrate judge's April 14, 2020 Order. Plaintiff objects to the denial of the following motions: (1) plaintiff's motion for an extension of time to complete discovery (doc. 34); (2) plaintiff's motion to appoint counsel (doc. 39); and (3) plaintiff's motions to strike defendants' briefs in opposition (doc. 50, 51). Upon review of the April 14, 2020 Order, the court finds that magistrate judge did not commit any error of fact or law, and thus the motion to reconsider is denied.

## V.     Conclusion

Accordingly, defendants' motion for summary judgment (doc. 31) and defendants' motion to strike the declaration of Dennis Givens (doc. 55) are GRANTED.

The court DENIES all of plaintiff's pending motions (docs. 35, 36, 41, 45, 46, 52, 53, 56, 57, 59, 60, 67, 68, 69, 70, 71, 78).

Finally, defendants' motion to sanction plaintiff under Fed. R. Civ. P. 11 (doc. 62) is DENIED. While it is true that plaintiff has filed numerous motions and briefs which lack merit, the court is unable to conclude that the *pro* se plaintiff has acted for the purpose of harassing defendants, causing delay or increasing the cost of litigation.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: January 13, 2021